Good morning. May it please the Court, my name is Lynnell Hartway and I represent the Washoe Tribe of Nevada and California. I would like to reserve at least three minutes for rebuttal. Okay, just keep your eye on the clock and we'll try to help. The Tribe's appeal comes due to the actions of the District Court in finding that the complaint filed was insufficient as a matter of law to support a claim moving forward. And yet continuing to go forward and discuss and decide on issues such as whether or not tribal court exhaustion is required to further Ms. Fred's claims should she file an amended complaint, whether or not subject matter jurisdiction exists for federal court review of those claims, and then yet deferring ruling on the Tribe's sovereign immunity, which also goes to the subject matter jurisdiction of the court. While agreeing with the Tribe that Ms. Fred's complaint was insufficient to support moving forward, the District Court nevertheless found that Ms. Fred was not required, before bringing an additional claim, before amending her complaint, or before moving forward with a federal court review of the tribal court action, that Ms. Fred was not required to go back to tribal court and exhaust her remedies there. Well, no, the court found that she had already done so. And I understand you disagree with that, but the court found that she had done so. Well, the Court's ruling found was sort of a mix of those things. It found that no further exhaustion was required, and at least some of that argument seemed to be based on the idea that she had done so. But at least some of that argument seemed to be based on the fact that no further exhaustion simply was required, which was also stated. In a sense, for me, that's beside the point. As I see it, you, your client, has brought an interlocutory appeal. It's absolutely standard, of course, in Federal court when the complaint is dismissed to grant with leave to amend. And then a plaintiff will amend, file a new complaint. Sooner or later, the plaintiff may lose and gets dismissed with no leave to amend, at which point an appeal is taken. You need to come in under one of the collateral order exceptions, and I just don't see one. Well, Your Honor, on that point, that was the initial order still caused from the interlocutory appeal, and that was then lifted by the court. Well, what that order means is you come to us to make the argument. What that means is you don't get a summary dismissal, and Peter Shaw, our appellate commissioner, decided out of an abundance of caution to let you present the argument to us. So, no, you've not won that argument. You're now facing us with the same argument. Under the collateral order doctrine, in order to qualify for an interlocutory appeal, under Mohawk, what needs to be presented to the court is there needs to be imperiled a substantial public interest of a high order in order to allow the entire class of claims in order to allow an interlocutory appeal of that claim. On tribal court exhaustion, that is exactly what we have. The reason for tribal court exhaustion as a Federal requirement is because of the I think you would have done a much better job just to let the new complaint come in, get your dismissal, or not make your appeal. I mean, what you're now facing is, I think, speaking only for myself, a dismissal for wanted jurisdiction, and we're back where we would have been, you know, whenever that was, even when you took the appeal. Well, Your Honor, if you want to delay for delay's sake, I don't understand your strategy. Your Honor, in order to prevent losing the opportunity or the right to bring an appeal, there is a timing issue. And the time in which we had to file a notice of appeal and the time that was given to the plaintiff in order to amend the complaint did not match up. There has been time since that notice of appeal filed and before the briefing began for the plaintiff to file an amended complaint. There was never any attempt to stay the proceedings of the district court by the tribe. What was intended to do is protect our right to bring in a notice of appeal according to the time allowed for it. If the plaintiff had wanted to pursue a complaint and in the meantime had done so and had stated a complaint that would allow us to have moved forward, then that may have been the opportunity. However, at that point, we had the time limit to take an appeal. We have an exhaustion decision by the district court that is both not in accordance with law and is an error, and we had to take that appeal in order to defend that complaint. Counsel, I guess I come at this from a really different tack, and maybe it's because I'm a former superior court judge from the State side, but this strikes me as litigating about litigating, and the delay causes me a great deal of concern because there's children involved. So Federal courts aren't very adept at handling custody disputes. They don't do that very often. That's really something that's handled by the State courts and by tribal courts. And working in conjunction, you know, typically if there had been a State court action filed, the State superior court judge would defer to a tribal court under the doctrine of comity, and off they would go. So when I look at this file, what worries me is that there's a lot of delay going on, and the kids were removed in 2005, and where are we headed here? I just wonder why there isn't an – and really my question is for all parties why there isn't a more concerted attempt to solve the problem. Your Honor, there is nothing in here in what the tribe is doing in an attempt to continue delay. What the tribe is trying to do in this case and here is ensure that something as important as tribal court exhaustion is not dealt with as the district court did, as to say, well, there would be no further cause than delay in this case, even though the case law does not support that conclusion and is an improper – is an improper application of Hicks. I don't minimize the importance of sovereignty or of exhaustion or of any of the arguments that you have. I'm not trying to scoot them aside. But can't you get that at them a lot quicker by not taking an interlocutory appeal, as Judge Flesher suggested? I don't see how that could have been how the tribe's – the district court's in regards to Hicks and its application to the tribe could have simply then, if that were allowed to stand without any challenge to that, how the tribe's interests would not have been substantially harmed going forward. I'm not suggesting that you wouldn't – you wouldn't challenge it. I'm just – I'm just suggesting that this created a delay by trying to take it up on an interlocutory basis rather than just waiting for an amended complaint as Judge Flesher suggested. If we had waited for an amended complaint in which the tribal court exhaustion issue was conclusively determined, then it's done for the purposes of the case. It has been the law of the case. We have no opportunity to then – Well, it's the law of the case with respect to the district court, but it's still appealable when you – when you get a final judgment. If we had gone to a final judgment and then gone forward with an argument on tribal court exhaustion being required, we would have then had a judgment on the case and the underlying merits, then gone to the Ninth Circuit and appealed that tribal court exhaustion was required, and then we would have to go back to the beginning and go back to the tribal court. So in terms of trying to understandably, with the issues involved in the underlying issues of children and their welfare, that there is need for haste, with the position that the district court took in that it dismissed the complaint and yet continued to make rulings regarding the tribe's tribal court exhaustion rights and what the impact is in this case, we had no choice but to pursue the interlocutory appeal in order to ensure that that issue was not, then, the law of the case. If we had moved forward – I just don't – I just don't think you understand the nature of litigation. You lost an interlocutory ruling on exhaustion. If you had then allowed the case to go forward with an amended complaint and you lost on the other issues, everything then is appealable. You don't lose the right to appeal in interlocutory order on exhaustion. I understand that, Your Honor. So I don't understand what all this talk about exhaustion then is. It's just you have to wait your turn to appeal it along with all of the rest of the issues when the case is – when you get a final judgment. The entire purpose of the requirement in Federal courts to, as a matter of comedy, require plaintiffs to exhaust tribal court before they move to district court, before they move to the Federal court, is to require that that tribe have the opportunity to first examine its own jurisdiction. I understand that. If we have not taken interlocutory appeal on that issue and then waited for an amended complaint and then proceeded with that amended complaint either on another dismissal requirement or moving forward with an entire trial on the merits of whatever the claim was, then the tribal court exhaustion appeal at that point becomes meaningless because you've moved forward completely at this district court, had the district court consider the merits of the claim, then taken an appeal to the Ninth Circuit, at which point there is no – tribal court exhaustion becomes meaningless because the case has been considered on its merits. The tribe has had the district court take up and consider its jurisdiction where it has not had that opportunity, make a decision and possibly move forward on the merits. So it's not that procedurally it's not possible. It's that the meaning and purpose of tribal court exhaustion is to first allow the tribal court to have that opportunity before it is reached by a district court. And in dismissing the claim and finding that there is absolutely no legal basis stated by the plaintiff, and yet making an opinion about the tribe's ability or whether or not any exhaustion is required, that is preliminarily and at that point taken away from the tribal court. In order to pursue it, the interlocutory appeal was taken, understanding that this would cause delay. However, as I said, no stay was sought at the district court. I think I understand your position. I think I disagree with it. Let me ask a somewhat different question. And this is a question I just will say right off the top that is not in front of us. It goes to the underlying litigation. But you submitted papers, or I think it was your side that submitted papers. There are two children here. One of them is aging out. Yes, Your Honor. That's the child who's a member of the tribe. Yes. The younger child is not a member of the tribe, although I gather is eligible to be so. As far as I understand it, yes. Now, again, what's really a fact or what's just sort of talked about in the papers, I can't tell. But one of the versions of the story that's told is that this non-tribal member, this child, eligible to be, I guess, but non-tribal member is seized by the tribe from property off the reservation and put within the tribe's jurisdiction and then may be given to the aunt and then may be to foster home. I don't get it as to a non-tribal member taken from somewhere off the reservation. Well, Your Honor, and that is to the merits of the underlying claim. Yes, it is, and I confess it's not in front of us. Yes, and directly goes to the question of the jurisdiction of the tribal court. And if there is an effective challenge to that, then that first must be presented there, and the plaintiff has not done so. Well, the plaintiff, I gather, has had two habeas proceedings in front of the tribal court. In which she attacked the merits of the underlying decision. Well, and the tribal court obviously held that it had jurisdiction, didn't deny or did not deny for lack of jurisdiction. As an initial matter, yes, it took jurisdiction, obviously. Was there a challenge? On the jurisdiction, no. That puts the district court in kind of between a rock and a hard place. And it goes back to, if you're looking for a final decision on the merits, dismissing the complaint, because he really didn't know what the grandmother's complaint in Federal court was going to be. And it goes back to sort of the 30,000-foot level question about trying to solve the problem. And it goes back to, in our argument, the error of the district court in reaching beyond that which it needed to do on this case. If, in fact, what he had the district court had simply done is say, yes, there is nothing in this complaint currently as a matter of law that can be allowed to go forward and you have leave to amend. And that would have been the end of it. However, they decided, he decided to go on and opine about tribal court exhaustion and requirements and find that no further was needed, even though there was new facts introduced at the district court, even though that there were additional statements made about the plaintiff's status and what effect that has on the tribe's jurisdiction. The tribal court exhaustion requirement exists for the very purpose of allowing that court to first have that opportunity, and it was not granted here. Roberts. Why don't we hear from the other side, and you've saved a little time. Thank you. May I please record, Harland, that it's on behalf of Rhonda, I'm sorry. Fred, you've seen our brief. We have nothing more to add. We've briefed the matter on the wisdom of filing the interlocutory appeal. The court has addressed that today. That seems to be the issue for us. Ms. Fred, as a grandmother with children that were removed from her home, wants nothing more than to have the ability to have her day in court to amend her complaint, to have the matter heard before the district court. And for that reason, we submit on our briefs. If the court has any questions, I gladly will answer them. Well, speaking of going beyond the scope of what we're really doing here today, I'm baffled by why your client is in Federal court and not in State court. I was not with her at the time. I can't answer that question. I don't know. She, as an indigent, non-Indian grandmother who proceeded pro se until she got to the Federal district court, it wasn't until the district court issued its ruling that she applied for appointed counsel. And I do not have the answer to that question. Well, it's just that the obvious point, it seems to me, is that by proceeding the way this litigation has proceeded, I can well understand why the tribe is trying to make sure it doesn't waive any arguments, and it's right in here. The unfortunate result is a whole lot of delay. Where kids are involved, delay is inherently bad, in my view. And the State courts have a lot of expertise and experience handling this exact kind of circumstance. So that's why I asked the question. I agree with you. I think that there is the question of concurrent jurisdiction between State and tribal court, but the the That hasn't been pursued? There's nothing filed in State court? Not that I'm aware of. Thank you very much. I have nothing further, Your Honor. Okay. Thank you. The case of Fred versus Washoe Tribe in Nevada and California is now submitted for decision.
judges: Fletcher, Gould, Christen